# IN THE COURT OF APPEALS OF IOWA

No. 20-0044
Filed January 12, 2022

**SPENCER ANTOWYN PIERCE,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Joseph Seidlin, Judge.


        Spencer Antowyn Pierce appeals the summary disposition of his second application for postconviction relief.  **AFFIRMED.**



        Nicholas Einwalter, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.


        Considered by May, P.J., Schumacher, J., and Carr, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**SCHUMACHER, Judge.**

Spencer Antowyn Pierce appeals the summary disposition of his second application for postconviction relief (PCR) regarding his conviction for conspiracy to deliver a controlled substance. He argues *Allison v. State,* 914 N.W.2d 866, 891 (Iowa 2018), permits him to bring his claims of ineffective assistance against his first PCR counsel outside of time limit set forth in Iowa Code section 822.3 (2019). Given the narrow constraints of *Allison*, we affirm the dismissal of Pierce's second PCR application.

## I. Facts & Proceedings

On June 7, 2013, police officers executed a search warrant at Pierce's apartment and discovered marijuana, methamphetamine, and drug paraphernalia. Police subsequently arrested Pierce on five drug-related charges.[1] Based on information later provided by a confidential informant, law enforcement obtained and executed a search warrant on a vehicle Pierce drove and found several bags containing methamphetamine hidden inside. That discovery resulted in an additional three drug-related charges. Pierce pled guilty to conspiracy to deliver a controlled substance in return for the dismissal of the remaining charges. His judgment was finalized December 9, 2013. He did not file a direct appeal.

Pierce filed his first PCR application in January 2014, raising several grounds of ineffective assistance of his trial counsel. He alleged his trial counsel was ineffective by

---

[1] A jury in a separate case found Pierce guilty of first-degree murder and first-degree robbery, for which the trial court sentenced him to concurrent sentences of life and twenty-five years in prison, respectively. The court ordered Pierce's sentence for the conspiracy to deliver conviction of twenty-five years in prison to run concurrently to the murder and robbery sentences. This court reversed the murder and robbery convictions on direct appeal after finding insufficient evidence to support the verdicts. *See State v. Pierce*, No. 13-2004, 2015 WL 3613329, at *5 (Iowa Ct. App. June 10, 2015).

failing to seek suppression of evidence discovered during the stop and seizure of his person, which he also claimed was illegal. He further argued counsel was ineffective by failing to seek suppression of evidence discovered during the search of his apartment, suggesting the warrant application contained intentionally false statements in violation of *Franks*.[2] Finally, he alleged his counsel failed to investigate and obtain police reports and the interview of the confidential informant that the State suppressed in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

The first PCR court denied relief on the merits of Pierce's application. The court determined Pierce's statements were voluntary and did not violate *Miranda*, that trial counsel made a strategic decision to raise only those discrepancies counsel believed had merit, and even if the discrepancies Pierce complained of were excised from the warrant application, the remainder of the application showed probable cause. The court also found Pierce was not prejudiced because he failed to show the information withheld by the State was favorable to him. This court affirmed the denial of Pierce's first PCR application on appeal. *See Pierce v. State*, No. 17-0960, 2019 WL 2150806, at *1 (Iowa Ct. App. May 15, 2019).

Pierce filed a second PCR application while the appeal of his first PCR was pending, claiming ineffective assistance of his PCR counsel. The claims relevant to this appeal relate to the legality of the initial stop, the alleged *Franks* violation in the first

---

[2] In *Franks v. Delaware*, 438 U.S. 154, 171–72 (1978), the United States Supreme Court held that if false information is used to obtain a search warrant, "the offensive material must be deleted and the remainder of the warrant reviewed to determine whether probable cause existed."

warrant application, and the alleged *Brady* violation regarding the State's failure to provide Pierce with the interview of the confidential informant.

At the time Pierce filed his second PCR application on March 12, 2019, Iowa Code section 822.3 (2019) required applicants to file their PCR applications within three years of the date their conviction became final. In *Allison v. State*, 914 N.W.2d 866, 891 (Iowa 2018), our supreme court held that a second PCR application filed after the expiration of that three-year limitation period could be considered if it alleged ineffective assistance of first PCR counsel in presenting claims of ineffective assistance of trial counsel, provided the applicant filed the first PCR application within the limitation period and the second PCR application was filed promptly after the conclusion of the first PCR action.

Following Pierce's second PCR application but before the court entered judgment, the legislature amended the applicable code section, which appears to abrogate *Allison*.[3] The amendment to section 822.3 now reads: "An allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section nor shall such claim relate back to a prior filing to avoid the application of the limitation periods." 2019 Iowa Acts ch. 140, § 34 (codified at Iowa Code § 822.3 (Supp. 2019)).

Pierce filed his second application as a self-represented litigant. He was appointed counsel, but later moved to terminate their services, requesting that he be permitted to

---

[3] There remains questions regarding what affect the amendment has on PCR actions where, as is the case here, the application was pending when the amendment went into effect. *See, e.g.*, *Moon v. State*, No. 19-2037, 2021 WL 610195, at *4 n.6 (Iowa Ct. App. Feb. 17, 2021) ("This amendment appears to abrogate *Allison*, although it is not yet clear what PCR applications the amended legislation affects."); *Johnson v. State*, No. 19-1949, 2021 WL 210700, at *3 (Iowa Ct. App. Jan. 21, 2021) ("There is a question, however, as to whether the amendment applies to Johnson's case, which was filed in June 2019.").

represent himself. The motion was granted. The State moved for summary judgment, arguing Pierce's petition was untimely. Pierce did not resist the State's motion. Instead, Pierce responded with a motion to take depositions, a motion for a private investigator, a motion to compel, a motion for discovery, and two separate motions to amend his initial application.[4] The court granted the State's motion for summary judgment. Pierce appeals.

## II. Scope of Review

We review summary dismissals of PCR applications for errors at law. *Schmidt v. State*, 909 N.W.2d 778, 784 (Iowa 2018). We apply the same standard to summary disposition as summary judgment. *Id.* Accordingly, summary disposition is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show . . . there is no genuine issue of material fact and . . . the moving party is entitled to judgment as a matter of law." *Id.* (quoting *Davis v. State*, 520 N.W.2d 319, 321 (Iowa Ct. App. 1994)).

## III. Analysis

Pierce attempts to save his second PCR application with the ruling in *Allison*, contending the PCR court erred in determining his second PCR application did not relate back to the first. The *Allison* court determined that in order to relate back to an earlier PCR application to avoid the time limitation of section 822.3, a PCR applicant must (1) file the initial PCR application within three years of final conviction, (2) file a second PCR application that alleges first PCR counsel was ineffective in presenting ineffective

---

[4] Both motions to amend the postconviction application were filed after the effective date of the amendment to Iowa Code section 822.3, and the dismissal of the amendments are not challenged in this appeal.

assistance of trial counsel claims, and (3) file the second PCR action "promptly" after the conclusion of the first. 914 N.W.2d at 891. Significantly, Pierce agrees his second PCR application does not specifically allege his PCR counsel was ineffective in presenting claims of ineffective assistance of trial counsel. Pierce's claims in his second application assert:

1. PCR counsel was ineffective in failing to take depositions of the State witnesses;

2. PCR counsel was ineffective in failing to subpoena Detective McTaggert to the PCR hearing;

3. PCR counsel was ineffective for not subpoenaing county attorney Voogt to the PCR hearing;

4. PCR counsel was ineffective for not subpoenaing county attorney Cox to the PCR hearing;

5. PCR counsel was ineffective for not properly examining the witnesses at the PCR hearing;

6. There was prosecutorial misconduct equating *Brady* violations; and

7. PCR counsel was ineffective for not calling Pierce's trial attorney as a witness at the PCR hearing.

The ineffective assistance of PCR counsel claims Pierce raises in his second PCR application do not relate back to the ineffective assistance of his PCR counsel in the original PCR action. He does not allege his PCR counsel was ineffective in presenting claims of ineffective assistance of trial counsel. Pierce's allegations concern only the performance of his PCR counsel, and therefore cannot relate back to the filing of the first PCR, if indeed *Allison* could still be used to save his second application. To the extent

Pierce asserts prosecutorial misconduct relating to a *Franks* violation, this claim was already litigated in his first PCR filing.[5]

Pierce asserts, and the dissent determines, that he meets all three of the requirements of *Allison* because he filed his first PCR application less than one month after the trial court entered judgment on his conviction, he filed his second PCR application while his first was pending on appeal, and that by reading Pierce's second application in context with the first, he alleges ineffective assistance of his trial counsel by attacking his appellate PCR counsel. However, *Allison* is clear that there must be "*a successive PCR petition alleging* postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim." 914 N.W.2d at 891 (emphasis added). *Allison* does not appear to contemplate searching outside of the second petition to find support for a claim of ineffective assistance of PCR counsel for their failure to assert trial counsel was ineffective.

Pierce's petition fails to set out a claim that his first PCR counsel was ineffective in pursuing the ineffective assistance of trial counsel claim. Accordingly, the order granting summary disposition in favor of the State is affirmed.

**AFFIRMED.**

May, P.J., concurs; Carr, S.J., dissents.

---

[5] Pierce's claim was addressed by this court on appeal, which determined "even if we were to excise these statements from the affidavit, probable cause still supports the warrant" and any motion to suppress that raised a *Franks* violation would have failed. *Pierce*, 2019 WL 2150806, at *5.

**CARR, Senior Judge** (dissenting).

The question before us is whether the claims raised in Pierce's second PCR application can be deemed to relate back sufficiently to the filing of his first, bringing them within the narrow, and now closed, window of relief under *Allison v. State,* 914 N.W.2d 866 (Iowa 2018), to avoid the three-year statute of limitations. Like the majority, I assume without deciding that Senate File 589 (the Omnibus Crime Bill),[6] which amended Iowa section 822.3 (2019) to abrogate *Allison*, does not apply to Pierce's second PCR action, which was pending when the legislation became effective. Because the claims in the second PCR action impliedly allege Pierce's first PCR counsel was ineffective in advancing claims in his first PCR action, I would find his second PCR action falls within the *Allison* exception and reverse.

Iowa Code section 822.7 provides that rules governing civil proceedings govern PCR proceedings. *See Linn v. State,* 929 N.W.2d 717 (Iowa 2019). As the moving party, the State bears the burden of showing there is no triable issue of fact. *See Allison*, 914 N.W.2d at 892. In considering the application, the court shall take account of substance regardless of defects of form. Iowa Code § 822.6. The State's motion for summary disposition advanced only one point: the statute of limitations under section 822.3 had expired and *Allison* did not apply to save it. The motion, and the trial court in sustaining it, relied only on the allegations in the application and the noticed record of the prior proceedings. In affirming, the majority focuses solely on the allegations in the second application without considering their relationship to the first PCR action. Pierce's first

---

[6] *See generally* 2019 Iowa Acts ch. 140, § 34 (effective July 1, 2019) (codified at Iowa Code § 822.3 (Supp. 2019)).

PCR action advanced claims of ineffective assistance of trial counsel in several particulars, all centered on the warranted search of his apartment following his detention soon after the murder and a later warranted search of his Durango motor vehicle after a tip from a jailhouse informant. Pierce's second PCR, now before us, alleges failures of his first PCR counsel in presenting those claims.

Pierce concedes that his second PCR application does not explicitly state that his first PCR counsel was ineffective in presenting claims of ineffective assistance of trial counsel. But reading his claims in context with the prior PCR action, it is clear Pierce is attacking his PCR counsel's performance in raising ineffective-assistance-of-trial-counsel claims. Pierce's second PCR application alleges his PCR counsel was ineffective by: (1) failing to subpoena a detective to the PCR hearing "to prove the cops unlawfully detain[ed him] and the officers lacked probable cause to arrest"; (2) failing to properly examine a detective at the PCR trial to show a *Franks* violation by allowing him to testify that a phone number was registered to his codefendant in a different case when it was but "was put in the search warrant application to ma[k]e it look like such"; (3) failing to subpoena prosecutors to establish they violated *Brady* because they knew about the file on the confidential informant and deliberately concealed it; and (4) failing to depose the witnesses that testified in the first PCR trial because doing so would have allowed PCR counsel to obtain the confidential informant file before trial to show it contained evidence favorable to Pierce. In addition, at the summary disposition hearing, Pierce clarified that he was "raising ineffective assistance of my original trial counsel and ineffective assistance of the PCR counsel for how he failed to argue the ineffective assistance of the original trial counsel."

When I look to the "substance" of Pierce's claims and disregard "defects of form" as directed by section 822.6, I think he has adequately pled a claim for relief and should be allowed to proceed.  Therefore, I respectfully dissent.